Filed 2/4/14  P. v. Murray CA2/7

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION SEVEN

| | |
|---|---|
| THE PEOPLE, | B249132 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. YA082450) |
| v. | |
| RONALD MURRAY, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Mark S. Arnold, Judge.  Affirmed.

Linn Davis, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

_____

Ronald Murray was charged in an information with the murder of Mun Seog Jang (Pen. Code, §§ 187, subd. (a)).[1] Represented by counsel, Murray pleaded not guilty to the charge.

According to the evidence at trial, early on the morning of September 30, 2011, there was a physical confrontation outside a Gardenia donut shop between Murray and Jang, both of whom had been drinking alcohol. Murray punched Jang, who fell to the ground, and then punched and/or kicked Jang on the chest and head.[2] Police were called, and Jang was transported to the hospital, where he later died of his head injuries. The jury acquitted Murray of second degree murder and convicted him of voluntary manslaughter (§ 192, subd. (a)) as a lesser included offense.

Following argument by counsel, the trial court sentenced Murray to the middle term of six years in state prison. The court ordered Murray to pay a $40 court security fee, a $30 criminal conviction assessment, a $240 restitution fine and $47,057.80 in victim restitution. The court imposed and suspended a parole revocation fine pursuant to section 1202.45. Murray was awarded a total of 622 days of presentence credit (541 actual days and 81 days conduct credit).

We appointed counsel to represent Murray on appeal. After examination of the record, counsel filed an opening brief in which no issues were raised. On October 4, 2013 we advised Murray he had 30 days in which to personally submit any contentions or issues he wished us to consider. No response has been received to date.

We have examined the record and are satisfied Murray's attorney has fully complied with the responsibilities of counsel and no arguable issue exists. (*Smith v. Robbins* (2000) 528 U.S. 259, 277-284 [120 S.Ct. 746, 145 L.Ed.2d 756]; *People v. Kelly* (2006) 40 Cal.4th 106, 112-113; *People v. Wende* (1979) 25 Cal.3d 436, 441.)

---

[1]     Statutory references are to the Penal Code.

[2]     A video of the incident recorded by a donut shop security camera was played for the jury.

**DISPOSITION**

The judgment is affirmed.

ZELON, J.

We concur:

PERLUSS, P. J

WOODS, J.